422 A.2d 1390

Delores **RANSAW**, Appellant,

v.

**Nakita GRAHAM and Vivian McDonald.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Decided Dec. 5, 1980.

Sandra L. Smales, Pittsburgh, for appellant.

Joseph Talarico, Pittsburgh, for appellees.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

PRICE, Judge:

This is an appeal from an order entered April 12, 1978, denying appellant visitation rights with her two grandchildren. Interestingly, the record does not reveal either their names or sex, but does reveal that on April 12, 1978, they were ages five and three. Appellant is the paternal grandmother. Appellee, Nakita Graham, is the natural mother and appellee, Vivan McDonald, is the maternal grandmother. The natural father died in 1975.

We note with dismay that 2½ years have elapsed from the date of the order to the presentation of the appeal. Neither the record nor the parties offer an explanation for this delay. Indeed, the attorney for appellees did not present a brief or offer an excuse for his failure to appear before us.

While the case involves visitation or limited custody, it is, nevertheless, a matter which concerns the best interests of these children. The record does intimate that by reason of a

physical infirmity the natural mother is unable to care full time for the children and has delegated the major responsibility for their upbringing to the maternal grandmother. The record further indicates the natural mother and maternal grandmother do not desire the children to visit the paternal grandmother. The twenty (20) page transcript of the hearing does not reveal anything further, and surely does not support any conclusion on the merits of the basic issue which must be the childrens' best interests.

The test in such cases is set forth in *Commonwealth ex rel. Williams v. Miller,* 254 Pa.Super. 227, 385 A.2d 992 (1978). We have consistently held that the hearing court must provide us with a complete record and with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's decision. *In re Custody of White,* 270 Pa.Super. 165, 411 A.2d 231 (1979). After reviewing this record, it is clear that we have neither.

We remand this case to the Court of Common Pleas of Allegheny County for compliance with our directives. In view of the elapsed time, a complete and full hearing is mandated and shall be afforded the parties within sixty (60) days of this remand. The aggrieved party or parties may then file, if it be their desire, a new appeal.